UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 6:12-cv-159-KKC

BETTY ANN BROUGHTON,                                        PLAINTIFF,

V.                          MEMORANDUM OPINION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,                       DEFENDANT,

***************

This matter is before the court upon cross-motions for summary judgment on Betty Ann Broughton's appeal of the Commissioner's denial of her applications for Title II Disability Insurance Benefits ("DIB") and Title XVI Supplemental Security Income ("SSI"). DE 13, 14. The court will grant the Commissioner's motion and deny Broughton's motion because substantial evidence supports the ALJ's decision.

On July 19, 2006 Betty Ann Broughton ("Broughton") filed applications for DIB and SSI, alleging she became disabled on January 15, 2006. AR 221-225. The administrative law judge ("ALJ") Don C. Paris denied her claim on June 18, 2008. AR 130-41. On appeal, the Appeals Council vacated the ALJ's unfavorable decision and remanded the case for a second decision. AR 142-45. After reconsideration of the issues and facts, the ALJ entered a second unfavorable decision on January 7, 2011. AR 9-29. The ALJ based this decision upon the trial record as a whole, which included two hearings the ALJ conducted with Broughton. AR 30-64, 71-114. The Appeals Council denied Broughton's second request for review. AR 1-6.

Broughton was born on December 25, 1954 and was last insured for DIB on June 30, 2008. AR 14, 217. Prior to her alleged onset date, Broughton was employed in several different occupations.  From 2003 through 2006 she worked as a cook and teacher's aid in the public

school system. AR 256. However, Broughton's most relevant work experience was her fifteen year tenure as a clerk at her local health department, which lasted from 1985 through 2000. *Id.* In this position, her job duties included scheduling appointments, answering phones, collecting charts, and waiting on patients. AR 79. In addition, Broughton is a high school graduate who is capable of reading, writing, and doing simple math. AR 78.

On May 31, 2006 Broughton stopped working, AR 255, claiming that she had become too disabled to continue to work. *Id.* The ALJ determined that Broughton suffered from multiple medical conditions, which included: (1) degenerative disc disease of the lumbosacral spine with low back pain; (2) diabetes mellitus Type I ½; (3) irritable bowel syndrome; (4) degenerative disc disease of the thoracic spine; (5) acute cystitis; (6) headaches; and (7) overactive bladder. AR 15-16. Chief among these ailments, Broughton claims her back pain limits her ability to sit, stand, walk, and bend and the fluctuation of her blood sugar causes her to be drowsy and unable to maintain her concentration. AR 37, 99, 291.

<u>Legal Standard</u>

Whenever a person applies for DIB their claim of disability is evaluated under a required five step sequential process. *See Preslar v. Sec'y of Health and Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520(a)(2) (2012). The five steps are: (1) whether the claimant is engaging in substantial gainful activity; (2) whether the claimant has a medically determinable impairment that is severe; (3) whether the claimant's impairments meet or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant has the residual functional capacity ("RFC") to perform the requirements of her past relevant work; and (5) whether the claimant is capable of doing any other work considering her RFC, age, education, and work experience. 20 C.F.R. §

2

404.1520(a)(4). In determining steps 4 & 5, the claimant's RFC must be determined which requires examining all relevant evidence in the record for any impairments or symptoms that indicate the claimant has mental or physical limitations on her ability to work. 20 C.F.R. § 404.1545 (2012). The claimant's RFC will be the most the claimant can perform in the workplace after taking into account those limitations. *Id*. The court can vacate the ALJ's unfavorable decision only if it is found that his decision incorrectly applied the five step sequential process or was not supported by substantial evidence. *See* 42 U.S.C. § 405(g); *see also McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

<u>The ALJ's Determination</u>

On January 17, 2011, the ALJ held that Broughton was not entitled to DIB or SSI because she was not disabled, as defined in the Social Security Act, at any time during the relevant time period. AR 22. The relevant period was defined as the time between January 15, 2006, the alleged onset date, and June 30, 2008, the date last insured. AR 14. At step 1, the ALJ held Broughton did not engage in any substantial gainful activity during the relevant period. AR 15. At step 2, the ALJ found Broughton's degenerative disc disease of the lumbosacral spine and her diabetes mellitus Type I ½ to be severe impairments. *Id.* He also held Broughton's other impairments were non-serve impairments. *Id.* At step 3, the ALJ determined Broughton did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Before addressing steps 4 and 5, the ALJ found Broughton to have had a RFC during the relevant period to perform light work, as defined in 20 C.F.R. § 404.1567(b), but subject to certain physical limitations. AR 17. At step 4, the ALJ considered his RFC determination and the testimony of Joyce Forrest, a vocational expert, to conclude Broughton was capable of performing her past relevant work as an

administrative clerk. AR 21. At step 5, the ALJ determined Broughton was also capable of performing other jobs that existed in the national economy, such as a semi-skilled general office clerk, an unskilled general office clerk, an information clerk, and a sales attendant. AR 21-22.

<u>Issues Raised on Appeal</u>

Broughton challenges the ALJ's decision, particularly his RFC determination, at steps 4 and 5 of the five step sequential process. DE 13 at 9.  She raises two issues: (1) whether the ALJ failed to properly evaluate her symptoms, especially her diabetes symptoms, when he improperly discounted her testimony; and (2) whether the ALJ improperly discounted the opinion of Dr. Hendrickson, her treating physician. *Id.* at 9, 12.

<u>Discussion</u>

Substantial evidence supports the ALJ's determination that Broughton was disabled during the relevant period.   Broughton's claim that the ALJ's RFC determination is not supported by substantial evidence lacks merit. The limitations the ALJ imposed on his RFC determination for Broughton's diabetes symptoms and her frequent blood sugar fluctuations are consistent with the low weight he gave Broughton's testimony. Furthermore, the ALJ properly considered and eventually discounted the testimony of Dr. Hendrickson. Lastly, the ALJ found other evidence in the record to adequately support his RFC determination.

Broughton testified that she suffers from constant back pain and extreme drowsiness as a result of her degenerative disc disease of the spine and her Type I ½ diabetes. AR 83, 87, 99, 104, 107, 108. She claims that as a result of her symptoms she must take three to four naps per day and cannot concentrate long enough to read books or do puzzles. AR 108.  Additionally, she alleges that even after taking prescription pain medication and other therapeutic measures standing and walking are at time unbearably painful. AR 291.

4

In cases, such as this one, where the claimant's disability is the result of her symptoms, a two-part analysis is used to evaluate her complaints. 20 C.F.R. § 416.929(a) (2011); *see Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). The first prong asks whether there is an underlying medically determinable physical impairment that could reasonably be expected to cause the claimant's symptoms. 20 C.F.R. § 416.929(a). The second prong then looks at what limiting effect the symptoms have on the individual's ability to do basic work activities. *Id.* In considering the second prong, the relevant factors include, but are not limited to, the claimant's daily activities, the intensity, duration, and frequency of symptoms, and the effectiveness and side effects of any medicine. *Rogers*, 486 F.3d at 247.

In weighing Broughton's testimony the ALJ used the two-step analysis to conclude that Broughton's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but "her statements concerning the intensity, persistence, and limiting effects of these symptoms are not fully credible." AR 18. When determining a claimant's RFC the ALJ, not the reviewing court, is entitled to evaluate a witness's credibility. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). The ALJ must find substantial evidence in the record that supports his finding and he must explain the weight he gave the witness's testimony and the reasons for giving that weight. Soc. Sec. Rul. 96-7p, 1996 WL 374186 at *4. This explanation must be specific enough for the claimant and any subsequent reviewers to understand his decision and his rationale. *Id.*

The ALJ supported his decision by giving specific reasons for discounting Broughton's testimony. With respect to her alleged back pain and physical limitations, the ALJ pointed out that the medical evidence conflicted with her testimony. *Id.* For instance, the degenerative changes in her lumbar spine have been characterized as only "moderate" and she does not have

focal disc protrusion, central or foraminal stenosis, central or neural foraminal compromise, and no spondylitis or spondylosis. *Id.*   Moreover, the opinion of Dr. Santucci, Broughton's chiropractor, and two non-examining state consultants supported his finding of less severe back pain and physical limitations. AR 18-20. Dr. Hendrickson's opinion, as will be discussed below, was discounted due to lack of credibility. AR 19. The ALJ was also persuaded by Broughton's testimony that she could lift 20 pounds occasionally. AR 18. Next, the ALJ turned to the evidence that conflicted with her alleged Type I ½ diabetes symptoms. He noted that her diabetes "was frequently found by Dr. Hendrickson to be controlled by her medication." AR 20. Plus, after personally observing Broughton at two different hearings he never observed her having trouble maintaining her concentration. AR 18. As a result of these specific findings, this court finds the ALJ's determination to be supported by substantial evidence. *See* Soc. Sec. Rul. 96-7p, 1996 WL 374186 at *4.

Dr. Hendrickson, Broughton's treating physician for 20 years, testified that Broughton's symptoms caused her to have a RFC that is more restrictive than the RFC assigned by the ALJ. AR 656-60, 982.  Specifically, he testified that she could only sit for 4 hours out of an 8 hour workday and that even then she must change positions every 15 to 30 minutes to avoid unbearable pain. AR 656. He also claimed that Broughton could only stand for 1 hour out of an 8 hour day, walk no more than 10 minutes at a time, and not lift more than 10 pounds. AR656.

Under the treating physician rule, Dr. Hendrickson's testimony is entitled to controlling weight unless properly discounted. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).  The ALJ should consider the "length, frequency, nature, and extent of the treatment relationship[,] the supportability and consistency of the physician's conclusions[,] the

specialization of the physician[,] and any other relevant factors." *Id.*; *see also* 20 C.F.R. § 404.1527(c).

The ALJ was justified in determining that Dr. Hendrickson's testimony was not entitled to controlling weight or even great deference. The ALJ based his decision on Dr. Hendrickson's lack of supporting documentation. AR 19. Dr. Hendrickson failed to sufficiently note Broughton's physical limitation in his progress notes. AR 397-452, 764-834. The few instances where he did note her back pain and physical limitations are far over shadowed by the times where he omitted any mention of these symptoms. *Id.* The one conclusory statement on February 8, 2006 that Broughton "shouldn't work" is insufficient to make Dr. Hendrickson's opinion well-supported in the record. AR 446. The ultimate decision regarding disability is left to the Commissioner not the treating physician. *Houston v. Sec'y of Health & Human Servs*., 736 F.2d 365, 367 (6th Cir. 1984).

In addition, most of Dr. Hendrickson's comments in his progress notes regarding her back pain are based on Broughton's own subjective complaints. *See* AR 397-452, 764-834. Since the ALJ properly discredited Broughton, he appropriately gave little weight to another person's testimony that was based on allegations she initially made.  Both Dr. Santucci and Dr. Nelson also disagreed with Dr. Hendrickson's opinion. AR 19.  Lastly, Dr. Hendrickson did not adequately test and document Broughton's agility, range of motion, muscle strength, and reflexes.  Consequently, Dr. Hendrickson's opinion was not well-supported by the record and the ALJ gave good and specific reasons for not giving it controlling weight.

The ALJ's RFC determination is supported by substantial evidence in the record. The ALJ properly considered the entire record, including evidence of both severe and non-severe impairments. AR 17. He properly discounted Broughton's and Dr. Hendrickson's testimony,

7

then he based his RFC determination on the remaining evidence. AR 17-20. Regarding her back pain and physical limitations, the ALJ found it particularly informative that she was still able to have a "fairly active level of daily activities." AR 20. For example, she performed household chores, prepared multiple meals each day, shopped at the grocery, visited her mother, and cared for a puppy. *Id*. Her own chiropractor noted her back pain was "resolving." *Id.* Broughton's testimony of her limitations and need for assistance was also considered, but only to the extent it was supported by Dr. Santucci's findings and related to the relevant period. *Id.*

Contrary to Broughton's assertion, the ALJ did in fact consider how her symptom's of Type 1 ½ diabetes limited her ability to work. He considered Dr. Santucci's opinion that took into account her Type 1 ½ diabetes. *Id.* The ALJ noted his findings were consistent with Dr. Hendrickson's opinion that frequently found Broughton's medication to be effective at controlling her diabetes. *Id.* Furthermore, he stated that his observations of Broughton at the hearings did not support a conclusion that she had trouble maintaining her concentration. AR 18. Perhaps the ALJ could have gone into a longer explanation of his reasoning regarding Broughton's Type 1 ½ diabetes but, as a matter of law, he was not required to do so. His explanation highlighted the facts he found most important and those facts are legally sufficient to substantially support his RFC determination.

The sole case that Broughton cites to support her appeal is clearly distinguishable from her situation. In *Rogers v. Commissioner*, 486 F.3d 234 (6th Cir. 2007), the claimant suffered from fibromyalgia. In that case, the Sixth Circuit described fibromyalgia as an "elusive and mysterious disease" that is not susceptible to objective confirmation. *Id*. at 243 (internal citations omitted). The special nature of fibromyalgia made the claimant's treating physicians' opinion especially relevant. *Id.* at 244. Moreover, the claimant in *Rogers* had two treating physicians who

8

had well documented concurring opinions. *Id.* Here, in contrast, Broughton does not assert that she suffers from an "elusive disease" like fibromyalgia and she does not have two concurring treating physician opinions. Moreover, in contrast to *Rogers*, many of Broughton's alleged limitations on her daily activities and her need for assistance arose after the date she was last insured. AR 45-48.  As a result, Broughton's assertion that the ALJ's decision is in clear violation of *Rogers* is not persuasive.

Based on this Court's examination of the record, the ALJ's decision was supported by substantial evidence. Therefore,

**IT IS ORDERED** that the Commissioner's motion (DE 14) is **GRANTED** and Broughton's motion (DE 13) is **DENIED**.  A separate Judgment will issue.

Dated this 8th day of April, 2013.

Signed By:

*Karen K. Caldwell*

**United States District Judge**

9